

FILED
1/15/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NIKOLE ANN BAIN, *et al.*,           )
                                     )
      Plaintiffs,              )
                                     )
v.                                   )   Civil Action No. 1:20-cv-03835 (UNA)
                                     )
LYNNE LAREE PETERSON BAIN, *et al.*, )
                                     )
      Defendants.              )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff attempts to bring this action individually and on behalf of her minor child. *See* Compl. at 1. Plaintiff sues countless defendants, including family members, other individuals, federal agencies, various "geographic regions" of the United States, and federal and state judges located in Utah. Compl. at 1–3; Compl. Appx. 1, ECF No. 1-1 at 1–2, 12–17; Compl. Appx. 2, ECF No. 1-2 at 1–3. The connection of most of these intended defendants to her claims is unknown. Preliminarily, the Local Rules of this court state: "The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." LCvR 5.1(c). Plaintiff has filed a complaint containing a P.O. Box address, *see,* Compl. at 1, which is allowed *only* upon leave of court, and she only provides piecemeal information to identify some of the intended defendants.

The prolix complaint totals 181 pages. The contents of the pleading range vastly in topics from, for example, esoteric discussions regarding the constitution, the Federalist Papers, and the abstention doctrine, *see* Compl. Appx. 1 at 5–11, to plaintiff's personal life and family history, *see* Compl. Appx. 2 at 9–146. The crux of the complaint, however, is predicated on plaintiff's fundamental disagreement with the outcome of certain domestic and child custody matters, which she alleges involves wide-scale fraud and kidnapping throughout Nevada, Ohio, and Utah. *See* Compl. Appx. 2 at 133–42, 147–48. Many of these matters seem to have been previously adjudicated in Utah state courts. *See id*. The relief sought now is also unclear.

Plaintiff has also filed a 76-page "motion to show cause for fraud upon the court," ECF No. 4, which is substantially similar to the complaint, and requests that the court "preserve plaintiff[']s claims as a preemptive affirmative defense to any falsely allocated collateral estoppel, double jeopardy[,] or issue preclusion, to any counterclaims otherwise used for defenses to bring[,]" *id*. at 70. She has also filed a notice, ECF No. 6, indicating that she intends "to pursue an agreement" with [sic] "HSBC Holdings plc (global), outside of court, in all matters filed with the Court and in relation to these proceedings[,]" *id*. at 2. The court is without any further information to plausibly interpret the meaning, or basis for relief, of either this motion or notice.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

First, to the extent that plaintiff seeks to revisit decisions rendered in Utah, federal district courts lack jurisdiction to review or interfere with judicial decisions by state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995)). Second, none of plaintiff's allegations implicate constitutional or federal statutory rights. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake); *see also Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (child custody issues uniquely suited to resolution in local courts). Consequently, there is no basis to support federal question jurisdiction.

To the extent that plaintiff intends to rely on diversity of citizenship, it is a "well-established rule" that, for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To that end, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) (citation omitted). Thus, "an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Plaintiff has pleaded nothing about the parties' citizenship to adequately establish diversity jurisdiction and the amount in controversy, if any, is also undefined.

Furthermore, aside from naming federal defendants, it is unclear what connection, if any, the intended claims have to the District of Columbia. Courts in this jurisdiction must examine

personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). By naming a federal government agency or official, a plaintiff could attempt to bring a suit in the District of Columbia that should properly be pursued elsewhere. *See id.* Similarly, the ability of this court to exercise personal jurisdiction over most of the defendants is entirely unclear. *See* Fed. R. Civ. P. 12(b)(2); *International Shoe Co. v Washington*, 326 U.S. 310 (1945).

Plaintiff has additionally filed a motion to amend pleadings, ECF No. 3, which displays only the motion's title and caption; the motion itself contains absolutely no facts, argument, or requests for relief beyond the title. Additionally, as here, leave to amend will not be granted when amendment would be futile. *See Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Finally, plaintiff has filed a pleading entitled "request for relief and leave to proceed under civilian status version of 70/30 *qui tam* proceeding for redress of claims," ECF No. 5. This filing is ambiguous, at best, but the court notes that a "*pro se* plaintiff may not file a *qui tam* action[,]" *Jones v. Jindal*, 409 Fed. App'x. 356 (D.C. Cir. 2011) (per curiam); *see also Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) (noting that "every circuit that has [addressed the issue] is in agreement that a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government.") (citing cases)); *U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 Fed. App'x 731, 732 (7th Cir. 2006) ("[A] *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants."). Indeed, it is well established that "*pro se* parties may not pursue [*qui tam*] actions on behalf of the United States."

*Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015) (quoting *U.S. ex rel. Fisher v. Network Software Assocs.*, 377 F. Supp. 2d 195, 196–97 (D.D.C. 2005)); *see Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 170 (D.D.C. 2015) (noting that "courts in this jurisdiction consistently have held that *pro se* plaintiffs . . . are not adequately able to represent the interests of the United States") (citing cases).

Plaintiff has thus failed to establish subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). As a result, this case is dismissed. Plaintiff's pending motions and requests for relief are also denied. A separate order accompanies this memorandum opinion.

Date: January 15, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge